UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

JUNYI LIU,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:    CONSENT PRELIMINARY ORDER
:    OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/
:    <u>MONEY JUDGMENT</u>
:
:    S2 21 Cr. 592 (LTS)
:

WHEREAS, on or about September 13, 2023, JUNYI LIU (the "Defendant"), was charged in a five-count Superseding Indictment, S2 21 Cr. 592 (LTS) (the "Indictment"), with, among other offenses, conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 ("Count One");

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States Currency representing the amount of proceeds traceable to the commission of the said offense charged in Count One of the Indictment;

WHEREAS, on or about November 3, 2022, this Court signed seizure warrants (the "Seizure Warrants") authorizing the Government to seize the following:

    a.  Any and all funds up to and including the sum of $258,117.09 on deposit in Royal Business Bank account number 6330342961, held in the name of HDT Tender Loving Care Physical Therapy, P.C. (the "HDT Account"), and all proceeds traceable thereto;

    b.  Any and all funds up to and including the sum of $411,820.75 on deposit in Bank of America, N.A. account number 483082264795, held in the name of

HBL Acupuncture, P.C. (the "HBL Account") and all proceeds traceable thereto; and

c. Any and all funds up to and including the sum of $854,188.58 on deposit in Bank of America, N.A. account number 483078105868 (the "Liu Account"), held in the name of Junyi Liu, and all proceeds traceable thereto;

WHEREAS, on or about November 3, 2022, pursuant to the Seizure Warrants, the Government seized $230,352.53 in United States currency from the HDT Account; $411,820.75 in United States currency from the HBL Account; and $854,188.58 in United States currency from the Liu Account (collectively, the "Specific Property");

WHEREAS, on or about March 26, 2025, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money equal to $15,368,171 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $15,368,171 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title, and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the

Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney, Timothy V. Capozzi of counsel, and the Defendant, and her counsel, Kevin Keating, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $15,368,171 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant, JUNYI LIU, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank, or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.  The United States Department of Treasury is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Department of Treasury (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate.

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York


By:    _____          3/27/25
       TIMOTHY V. CAPOZZI                          DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2404


JUNYI LIU

By:    _____          3/21/25
       JUNYI LIU                                   DATE

By:    _____          3/21/25
       KEVIN KEATING, ESQ.                         DATE
       Attorney for Defendant
       666 Old Country Rd, Suite 900
       Garden City, NY 11530


SO ORDERED:

_____                 3/27/25
HONORABLE LAURA TAYLOR SWAIN                       DATE
UNITED STATES DISTRICT JUDGE